James **DEVINE**, Plaintiff-Appellant,

v.

**METAL LATHERS' LOCAL 46 PENSION FUNDS, Metallic Lathers Union Local No. 46 and John Pregenzer, Defendants-Appellees.**

No. 1083, Docket 80–7160.

United States Court of Appeals, Second Circuit.

Argued April 16, 1980.

Decided June 25, 1980.

Michael T. Wolin, New York City (Stephen Kruger, New York City, of counsel), for plaintiff-appellant.

Richard H. Markowitz, New York City, of counsel for defendants-appellees.

Before LUMBARD and MULLIGAN, Circuit Judges, and SPEARS,* District Judge.

PER CURIAM:

This is an appeal from a decision of the United States District Court for the Southern District of New York, Hon. Kevin T. Duffy, Judge, denying plaintiff's motion for summary judgment and granting defendants' cross motion for summary judgment. We affirm.

Plaintiff-appellant James Devine brought this action against the Metal Lathers Local 46 Pension Fund ("Plan"), John Pregenzer, the Fund's Director, and Metal Lathers Local Union 46 ("Union") challenging the denial of pension disability benefits to him on the ground that he did not comply with a 1977 amendment to the Plan. The amendment at issue requires that an applicant for a disability pension earn two pension credits immediately preceding the calendar quarter in which he became totally disabled.[1]

Appellant Devine is 57 years old and has been a member of the Union since 1946. He last worked in covered employment in November 1975, and was unable thereafter to find work in the metal lathing trade due to a decline in the construction industry. Devine received New York State Unemployment Insurance benefits from November 1975 until they were exhausted in February 1977. In June 1978, Devine received a Social Security Award Certificate which advised him that he was eligible for Social Security disability benefits and that the date of his entitlement was June 1978. On June 20, 1978, Devine filed an application with the Plan for a disability pension. These benefits were denied in September 1978 and again on appeal in November 1978.

There is no dispute here that Devine did not satisfy the eligibility requirements for disability pension set forth in the 1977 amendment to the Plan. Rather, appellant argues here that the "two credit" amendment is intrinsically arbitrary and capricious. This precise issue was recently decided by Judge Sand in *Vaughan v. Metal Lathers Local 46 Pension Fund*, 474 F.Supp. 613, 617–18 (S.D.N.Y.1979), a decision which we affirm today. See *Vaughan v. Metal Lathers Local 46 Pension Fund*, 626 F.2d 237 (2nd Cir. 1980). We agree with Judge Sand that all the evidence in these cases indicates that the Trustees of the Plan had a rational justification for amending the eligibility requirements for disability pensions in 1977, see *Riley v. MEBA Pension Trust*, 570 F.2d 406, 412–13 (2d Cir. 1977), and we endorse his reasoning on this point.

Appellant also argues that the application of the "two credit" amendment to him would be arbitrary and capricious. Our

---

* United States District Judge, for the Western District of Texas, sitting by designation.

1. Amended § 3.08 of the Plan, adopted by the Trustees of the Metal Lathers Local 46 Pension Fund at their February 28, 1977 meeting, states as follows:

Effective with respect to applications received on or after March 1, 1977, a Participant may only retire on a Disability Pension if he becomes totally disabled after he has earned at least 60 Pension Credits, of which two were earned immediately preceding the calendar quarter in which he became totally disabled. Notwithstanding the above, if a Participant was collecting Weekly Accident and Sickness Benefits (or was eligible for same but for the receipt of No-Fault Automo-

bile Insurance Benefits) from the Metal Lathers Local 46 Trust Fund or collecting Workmen's Compensation Benefits or New York State Unemployment Insurance Benefits during the two calendar quarters immediately preceding the calendar quarter in which he became permanently and totally disabled, he shall be eligible for a Disability Pension only if he earned at least two Pension Credits immediately preceding the calendar quarter in which he became eligible to receive either the Accident and Sickness Benefits (or became eligible for same but for the receipt of No-Fault Automobile Insurance Benefits) or Workmen's Compensation or New York State Unemployment Insurance Benefits.

holding today in *Vaughan v. Metal Lathers Local 46 Pension Fund, supra*, is directly on point. Applying the test in *Valle v. Joint Plumbing Industry Board*, 623 F.2d 196, slip op. 2369 (2d Cir. Apr. 11, 1980), Devine was not an intended beneficiary of disability pension benefits at the time of the 1977 amendment to the Plan since he did not become disabled until after that amendment was approved. Moreover, Devine has not been retroactively stripped of any service credit or right to normal retirement pension. Finally, Devine was notified of the 1977 amendment by a reasonable method.

Accordingly, the judgment of the district court is affirmed. Devine's request for pre-judgment interest, costs, disbursements, and attorney's fees is denied.